UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

TANYA B.,

      Plaintiff,

  v.                                Civil No. 4:25cv19

FRANK BISIGNANO, Commissioner
of Social Security,

      Defendant.

## FINAL ORDER

Tanya B. ("Plaintiff"),[1] with the assistance of counsel, brought this action seeking judicial review of the decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for Social Security Disability Insurance ("SSDI") benefits. ECF No. 1. The United States Magistrate Judge assigned to this case issued a Report and Recommendation ("R&R") recommending that the Commissioner's decision be affirmed. ECF No. 14. Plaintiff thereafter filed a timely objection to the R&R, ECF No. 17, and Defendant filed a response, ECF No. 18. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R&R, and **AFFIRMS** the final decision of the Commissioner.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases due to privacy concerns endemic to such cases.

## A. Procedural Background

This matter was referred to a United States Magistrate Judge to prepare and submit an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 7. On December 15, 2025, the Magistrate Judge issued a detailed R&R recommending that the Commissioner's final decision be affirmed. ECF No. 14. The R&R gave notice to each party of the right to file written objections. Id. at 30-31.

On January 9, 2026, Plaintiff timely filed an objection to the R&R, arguing that the Magistrate Judge erred in concluding that the administrative law judge ("ALJ") appropriately evaluated the opinion of Dr. Anneli Barrios, Ph.D., a neuropsychologist who evaluated Plaintiff in early 2022. ECF No. 17, at 1. Specifically, Plaintiff argues that the Magistrate Judge erred when reviewing the ALJ's "supportability" and "consistency" analysis. Id. at 1-3. The Commissioner opposes Plaintiff's objection, contending that "the ALJ adequately explained why she found Dr. Barrios's opinion not fully persuasive and supported her analysis with substantial evidence in the record." ECF No. 18, at 3. The matter is now ripe for this Court's review.

## B. Standard of Review

On consideration of a dispositive motion that was referred to a Magistrate Judge, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been

2

properly objected to." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1)(B). "To trigger de novo review" of a given issue in the Magistrate Judge's recommended disposition, "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). Otherwise, a district court reviews a Magistrate Judge's recommendation "for clear error only."[2] Id. (citing Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005)).

In an appeal from an agency denial of Social Security benefits, this Court's review "is limited to determining whether the [agency's] findings . . . are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). Although the substantial evidence standard demands "more than a mere scintilla," it requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (citations omitted); accord Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023) (quoting Biestek, 587 U.S. at 103).

---

[2] Here, this Court perceives no clear error in any part of the R&R to which no proper objection has been made. Elijah, 66 F.4th at 460.

On review, this Court does not "'re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment' for the ALJ's." Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 95 (4th Cir. 2020) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Instead, this Court asks "whether the ALJ examined all relevant evidence" and "offered a sufficient rationale in crediting certain evidence and discrediting other evidence." Drumgold v. Comm'r of Soc. Sec., 144 F.4th 596, 605 (4th Cir. 2025) (quoting Shelley C. v. Comm'r of Soc. Sec. Admin., 61 F.4th 341, 353 (4th Cir. 2023)). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." Oakes, 70 F.4th at 212 (quoting Arakas, 983 F.3d at 95); see also Drumgold, 144 F.4th at 605 (similar). Remand to the agency is warranted if this Court "see[s] an error [and] find[s] it harmful." Drumgold, 144 F.4th at 605 n.9 (citations omitted).

### C. Discussion

Plaintiff's objection challenges the Magistrate Judge's finding that the ALJ properly evaluated Dr. Barrios's opinions. Ultimately, Plaintiff disputes the ALJ's determination that Dr. Barrios's findings were "not fully persuasive." ECF No. 17, at 1. Because the ALJ is the "trier of fact" called upon to evaluate medical sources that "point in different directions," when the ALJ evaluates each source to determine whether "that source's conclusions are supportable by medical evidence and consistent

with the rest of the record," this Court will not "Monday-morning-quarterback the [ALJ's] decision unless it is exceptionally clear that the ALJ made a mistake." Drumgold, 144 F.4th at 605.

As the Magistrate Judge explains in the R&R, when determining whether a person is disabled, ALJs "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) or prior administrative medical finding(s)."  ECF No. 14, at 20 (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)).  Instead, ALJs "will articulate . . . how persuasive" they find such opinions or findings based on a variety of enumerated factors.  20 C.F.R. §§ 404.1520c(b), 416.920c(b)).  Only the two "most important" of those factors, "supportability" and "consistency," require explanation in all cases.  Id.; see Drumgold, 144 F.4th at 605–06 ("Supportability roughly means the amount of objective medical evidence supporting the medical opinion, and consistency roughly means how well the medical opinion lines up with other material in the record.").

Following this approach here, the ALJ found Dr. Barrios's opinions "not fully persuasive," after discussing both the "supportability" and "consistency" factors. R. at 27-28. Moreover, the Magistrate Judge effectively addressed Plaintiff's contention that the ALJ erred in discounting Dr. Barrios's findings, concluding that the ALJ adequately explained her

decision under both the "supportability" and "consistency" factors. ECF No. 14, at 21-25.

Plaintiff's renewed claim that the ALJ's supportability analysis was flawed is rejected by this Court after conducting a de novo review of this issue. While the Court reviews the issue without deferring to the Magistrate Judge's reasoning, it remains obligated by the above-cited sources to give significant deference to the ALJ's factfinding. As effectively articulated in the R&R, ECF No. 14, at 22-23, the ALJ's finding that Dr. Barrios's opinions were "somewhat supported" by the record was appropriate due to the fact that the record included both evidence of Plaintiff's severe mental symptoms and evidence of very good cognitive functioning and an ability to manage social interactions in more controlled environments. It is important to note that the ALJ did not discount Dr. Barrios's opinions wholesale, but found them "somewhat supported" in light of other evidence in the record indicating a higher level of functioning.[3]

This Court also rejects Plaintiff's renewed challenge to the ALJ's consistency analysis after conducting a de novo review. As the Magistrate Judge correctly explains in the R&R, "[s]ubstantial

---

[3] This Court is not persuaded by Plaintiff's attempt to hyperfocus on individual statements made by Dr. Barrios. ECF No. 17, at 1-2. Neither the ALJ nor the Magistrate Judge must directly discuss every comment made by an evaluator. See Ingram v. Berryhill, No. CV 6:16-745, 2017 WL 4230586, at *6 (D.S.C. Sept. 25, 2017) ("The fact that every detail from Dr. Whitley's report was not specifically mentioned does not cause the ALJ's analysis to be deficient.").

evidence" supports the ALJ's finding that Dr. Barrios's opinions were only "somewhat consistent" with the record as a whole. ECF No. 14, at 23-25. Tellingly, as reported in the ALJ's opinion immediately prior to the discussion of Dr. Barrios's findings, other medical opinions and objective evidence revealed Plaintiff's ability to follow simple instructions, complete simple tasks, provide self-care, and function independently, to include managing a household and caring for multiple dependents, some with significant special needs. R. 25-27. This same discussion also noted that Plaintiff's course of treatment for her mental health conditions was "conservative" and there was no evidence of psychiatric hospitalization or other forms of intensive treatment. Id. The ALJ was not required to repeat all of this evidence in the same paragraph as the discussion of Dr. Barrios's findings in order to conclude that Dr. Barrios's opinions were only "somewhat consistent" with the evidence discussed in detail in the preceding pages. See Angela L. A. v. Kijakazi, No. 122cv1003, 2023 WL 6806002, at *11 (E.D. Va. July 6, 2023), report and recommendation adopted sub nom. Andrew v. Kijakazi, No. 122cv1003, 2023 WL 6295124 (E.D. Va. Sept. 27, 2023) (citing McCartney v. Apfel, 28 F. App'x 277, 279 (4th Cir. 2002)).

The fact that the Magistrate Judge provided a robust discussion of the conflicting evidence in response to Plaintiff's specific focus on this issue does not constitute an improper "post

7

hoc" rationale as Plaintiff suggests in her objection. ECF No. 17, at 2-3. Rather, the ALJ's report, when read as a whole and in context, reveals that the ALJ's consistency analysis duly accounted for the conflicting information discussed on the pages immediately preceding the discussion of Dr. Barrios's opinions.

In summary, adhering to this Court's obligation to avoid substituting the Court's analysis for the ALJ's, this Court finds that the ALJ appropriately performed and explained her supportability and consistency analysis and "offered a sufficient rationale in crediting certain evidence and discrediting other evidence." Drumgold, 144 F.4th at 605 (quoting Shelley C., 61 F.4th at 353).

### D. Conclusion

For the foregoing reasons, the R&R, ECF No. 14, is **ADOPTED**, Plaintiff's objection thereto, ECF No. 17, is **OVERRULED**, and the final decision of the Commissioner is **AFFIRMED**.

The Clerk is requested to forward a copy of this Final Order to all counsel of record.

**IT IS SO ORDERED.**

_____ /s/ _____
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 26 , 2026

8